IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| JEAN TRISTRAM HOOPINGARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil File No. 1:24-cv-252 |
| ) | |
| DARRELYN JEAN DIXON, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES the Plaintiff, complaining of the Defendant, and alleges and says as follows:

1.

That jurisdiction is based upon diversity of citizenship among Plaintiff and Defendant named herein. 28 U.S.C. §1332.

2.

That the amount in controversy, exclusive of interest and costs, exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). 28 U.S.C. §1332.

3.

That the acts alleged by the Plaintiff in this action occurred in Macon County, North Carolina, within the Western District of the State of North Carolina.

Accordingly, venue properly lies pursuant to 28 U.S.C. §1391.

4.

That Plaintiff is a citizen and resident of Macon County, North Carolina.

5.

That upon information and belief, Defendant is a citizen and resident of Monroe County, Florida.

6.

The parties and the subject matter of this complaint are within the jurisdiction of this Court and venue is proper in this Court.

7.

This action arises out of a motor vehicle collision on or about July 2, 2024, in which Plaintiff, who was a pedestrian, was hit by Defendant who was driving her motor vehicle in the parking lot of the Ingles store located in Franklin, Macon County, North Carolina.

8.

On or about July 2, 2024, at approximately 8:01 a.m., Plaintiff was walking in the parking lot towards her parked motor vehicle after exiting the front entrance to the Ingles store.

9.

At the same date and time, Defendant was driving her vehicle, a 2022 Dodge

Ram pickup truck, in the Ingles parking lot.

10.

As Plaintiff was walking across the parking area, Defendant pulled from her parking spot and into the crosswalk at the front of the store where the Plaintiff was walking and clearly visible, accelerated her vehicle, and struck the Plaintiff.

11.

That the violent impact from the collision described above caused personal injuries, including but not limited to, severe and permanent injuries, past, present, and future medical expenses, and economic loss to the Plaintiff.

12.

To the extent that there is uninsured or underinsured motorist insurance coverage for the Plaintiff's injuries, the Plaintiff hereby demands binding arbitration to the extent that such arbitration is available from any uninsured and/or underinsured policy that provides coverage.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE

That Paragraphs 1-12 of this Complaint are hereby realleged and incorporated by reference herein.

13.

Defendant operated the Defendant's motor vehicle in a negligent manner in one or more of the following ways at the time and place described above in that:

(a) She failed to maintain her vehicle under proper control under the existing conditions;

(b) She failed to maintain a proper lookout for the Plaintiff, a pedestrian;

(c) She failed to yield the right of way to a pedestrian crossing the roadway;

(d) She failed to signal to pedestrians the movement of her vehicle by audible or other means; and

(e) Any other way that may be shown at trial.

14.

That the negligence of the Defendant as described above was a direct and proximate cause of the collision described above which caused the personal injuries of the Plaintiff, including severe and permanent injuries, and medical expenses, and therefore Plaintiff is entitled to recover damages in an amount exceeding $75,000.00.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE PER SE

That Paragraphs 1-14 of this Complaint are hereby realleged and incorporated by reference herein.

15.

That Defendant's actions as described above constitute negligence per se in that these actions violated North Carolina General Statute § 20-154 and/or 20-155.

16.

That the negligence of the Defendant as described above was a direct and

proximate cause of the collision described above which caused the personal injuries of the Plaintiff including severe and permanent injuries, and medical expenses, and therefore Plaintiff is entitled to recover damages in an amount exceeding $75,000.00.

WHEREFORE, the Plaintiff prays the Court to issue a judgment in the Plaintiff's favor and against the Defendant as follows:

1. That the Plaintiff have and recover of the Defendant in an amount in excess of $75,000.00 pursuant to the First Claim for Relief.

2. That the Plaintiff have and recover of the Defendant in an amount in excess of $75,000.00 pursuant to the Second Claim for Relief.

3. That the Defendant be ordered to pay the costs of this action.

4. For a trial by jury.

5. For such other and further relief as the Court deems just and proper.

This the 11th day of October 2024.

                                            s/Mark R. Melrose
                                            NC State Bar No.: 17175
                                            Adam R. Melrose
                                            NC State Bar No.: 50873
                                            Attorneys for Plaintiff
                                            Melrose Law, PLLC
                                            Post Office Box 567
                                            Waynesville, North Carolina 28786
                                            (828) 452-3141 Telephone
                                            (828) 246-6221 Facsimile
                                            melrose@mountainverdict.com
                                            adam@mountainverdict.com